UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**RACHEL DIMAGGIO,**

    **Plaintiff,**                                        **CASE NO.:**

vs.

                                        **JURY TRIAL DEMANDED**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**

    **Defendant.**
_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, RACHEL DIMAGGIO by and through her undersigned counsel, and brings this action against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. and in support alleges as follows:

## INTRODUCTION

1. This is an action brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq*. ("FDCPA"), the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 et seq., and Fla. Stat. §701.04 (Cancellation of mortgages, liens, and judgments).

2. Plaintiff is seeking the remedies he is entitled under the above-listed statutes for the Defendant's failure to file a satisfaction of judgment after the underlying debt was settled and paid by Plaintiff.

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial question of federal law.

1

4. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5. In addition, the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

7. Plaintiff is a natural person who resides in Duval County, Florida and is a "consumer" as that term is defined by Florida Statute Section 559.55(8) and 15 U.S.C. §1692(a)(3).

8. Defendant is a debt collector operating out of Norfolk, VA and is a "creditor" as that term is defined by Section 559.55(5) and 15 U.S.C. §1692a(4).

9. Defendant is a "debt collector" as defined by the 15 U.S.C.A. § 1692a(6) and Fla. Section 559.55

10. At all material times herein, Defendant attempted to collect a consumer debt incurred by Plaintiff (the "Debt").

11. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

12. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72.  *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13. At all material times herein, Defendant's conduct, with respect to the debt complained of, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 U.S.C. §1692a(2).

## GENERAL ALLEGATIONS

14. On May 7, 2020, Defendant received a Default Final Judgment in the amount of $1715.84 against Plaintiff for the Debt. The Debt was originally a credit account with World Financial Network Bank.

15. Plaintiff's counsel, Rehan Khawaja, contacted Defendant to resolve and settle the Debt.

16. After discussing payment options with Defendant, Plaintiff made the full settlement payment in satisfaction of the outstanding judgment. On July 10, 2020 Defendant's counsel, Pollack & Rosen, P.A., sent Plaintiff a letter stating that the judgment had been satisfied and also filed the dismissal. ***See Exhibit A and Exhibit B.***

17. Pursuant to Florida Statute 701.04, Defendant Midland was required to file a satisfaction of judgment within 60 days to reflect Plaintiff's payment.

18. The 60-day time period ended on Tuesday, September 8, 2020

19. Between July 10, 2020 and present, Plaintiff's counsel, Rehan Khawaja, reached out to Defendant's counsel multiple times via email requesting that the satisfaction be filed. ***See Composite Exhibit B.*** The last email was dated August 7, 2020 and stated, "Kindly, have your client comply with the settlement and record a Satisfaction in the public records of Duval County, Florida."

20. However, as of the filing of this Complaint, the satisfaction of judgment has not been filed.

21. Failure to file the satisfaction in violation of Florida Statute 701.04 causes damage to Plaintiff's reputation and providing false information to third parties as to the judgment's status.

22. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

23. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.

24. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

25. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat.

26. By failing to file the satisfaction of judgment on public records, Defendant provided false information to third parties as to Plaintiff's reputation and the status of the debt as unpaid.

27. By making the above statements and failing to follow an agreement between the parties, Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

    a. "Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Fla. Stat. §559.72(5); and

4

      b. "…willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7).

28. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain as well as damage to her reputation of creditworthiness.

29. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

30. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

31. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a)    For actual damages;

    b)    For compensatory damages;

    c)    For statutory damages;

    d)    For punitive damages;

    e)    For attorney's fees and costs incurred in this action;

    f)    For such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FDCPA

32. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

33. This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and costs of this action under 15 U.S.C.A. § 1692k(a)(3).

34. The improper reporting on public record that Plaintiff's debt was unpaid by Defendant is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). At all material times herein, Plaintiff's debt was a consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

35. At all material times herein, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

36. At all material times herein, Defendant was a "debt collector" as defined by 15 U.S.C.A. § 1692a(6).

37. Defendant made false statements towards third parties by failing to file the satisfaction of judgment and misrepresented the status of the judgment debt.

38. By misrepresenting the status of the judgment debt, Defendant violated:

    a. 15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt), and

    b. 15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

39. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed. Plaintiff is entitled to statutory damages, actual damages including emotional damages and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

    a)     For actual damages;

    c)     For statutory damages;

    e)     For attorney's fees and costs incurred in this action;

    f)     For such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATIONS OF FLORIDA STATUTE 701.04

40. Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

41. This is a claim under Fla. Stat. §701.04 for failure to file a satisfaction of judgment within 60 days of Plaintiff's payment in full.

42. Pursuant to Fla. Stat. §701.04(2) "Whenever the amount of money due on any mortgage, lien, or judgment has been fully paid to the person or party entitled to the payment thereof, the mortgagee, creditor, or assignee, or the attorney of record in the case of a judgment, to whom the payment was made, shall execute in writing an instrument acknowledging satisfaction of the mortgage, lien, or judgment and have the instrument acknowledged, or proven, and duly entered in the official records of the proper county."

43. "Within 60 days after the date of receipt of the full payment of the mortgage, lien, or judgment, the person required to acknowledge satisfaction of the mortgage, lien, or

judgment shall send or cause to be sent the recorded satisfaction to the person who has made the full payment. Fla. Stat. §701.04(2).

44. Plaintiff is entitled to attorney fees and costs. Fla. Stat. §701.04(2). *Id.*

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant:

a) For the satisfaction of judgment to be filed for Plaintiff;

b) For attorney's fees and costs incurred in this action; and

c) For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

### SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence – paper, electronic documents, or date – pertaining to this litigation as required by law.

Dated this 17th of September, 2020.

**MAX STORY, P.A.**

/s/ Max Story_____
MAX STORY, ESQ.
Florida Bar No.:  527238
AUSTIN J. GRIFFIN, ESQ.
Florida Barn No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL  32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff